SAMUEL S. GREELEY *et al.*

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed February 21, 1902.*

This case is controlled by the decision in the case of *Gale* v. *Knopf*, 193 Ill. 245.

WRIT OF ERROR to the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

LOUIS M. GREELEY, for plaintiffs in error.

FRANK L. SHEPARD, and W. F. STRUCKMANN, (JULIUS A. JOHNSON, County Attorney, of counsel,) for defendant in error.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is a writ of error to the county court of Cook county, bringing in review a judgment of that court overruling certain objections to taxes levied by a certain high school district against the lands of the plaintiffs in error, which objections question the existence of the board of education of such district either as a *de facto* or as a *de jure* body. The objections having been overruled, the court entered judgment for the taxes against the lands of the plaintiffs in error.

In 1898 a high school district was organized embracing the seventh and eighth school districts of the town of Cicero and a portion of the town of Lyons adjoining Cicero on the south, and being parts of townships 38 and 39, north, range 13, east, in said county. This district was organized under the provisions of sections 38, 40, 41 and 42 of article 3 of the School law. (Hurd's Stat. 1899, pp. 1530, 1531.) A petition was circulated among the inhabitants of the portions of the townships proposed to be included in the district, and was signed by more than fifty voters, (the number required by the statute,) and

filed with the township treasurer of each township. On the 23d of March, 1898, the boards of trustees of the two townships met together, and agreed in writing that the proposition for or against the establishment of a township high school district to be composed of said school districts should be submitted to the voters residing in the territory of such proposed high school district, at the annual town election for trustees on April 8, 1898; that notices of such election should be posted according to law, and that if such proposition for the establishment of such high school district should carry in the affirmative, an election for a board of education for such high school district should be called by the said trustees. The vote was submitted to the voters of those parts of the townships proposed to be organized into the high school district, and a majority of all the votes cast in the proposed territory was in favor of the establishment of said district. In June, 1898, a board of education was elected and duly organized, and in August of that year levied a tax of $8000 for the purposes of such high school, which was certified to the county clerk of Cook county to be extended on the tax books against the property in said high school district.

No complaint is made of the regularity of the proceedings organizing the district or electing the board of education, nor is it contended that the proposition to establish the district or that the persons acting as members of the board of education did not receive a majority of the votes cast at the respective elections. The plaintiffs in error rely entirely upon two propositions: First, that there was no law authorizing the organization of a high school district composed of parts of two or more townships; and second, if the authority to organize such district could be held to exist, there was no authority for the election of a board of education for such district.

The questions here presented are identical with the questions presented and considered by this court in *Gale*

v. *Knopf,* 193 Ill. 245.   In that case the propositions here contended for were fully considered and both held adversely to the present contention of plaintiffs in error. We see no sufficient reason for changing or modifying that opinion, and deem it unnecessary to again enter into an extended discussion of the statute or review of the authorities, which we regard as controlling.

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*